UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTHER FEDER,

                Plaintiff,

-against-

COSTCO WHOLESALE CORP. and COSTCO
WHOLESALE WAREHOUSE #318,

                Defendants.
------------------------------------------------------------------X

**ORDER**

17-CV-3708 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

On May 18, 2017, Plaintiff Esther Feder commenced this personal injury action in New York state court against Defendants Costco Wholesale Corp. and Costco Wholesale Warehouse #318. (See Compl. (Dkt. 1 at ECF p.6); Summons (Dkt. 1 at ECF p.5).)[1] Plaintiff alleges that she was injured at a Costco warehouse in Brooklyn on February 11, 2016, and, as a result of that accident, she has been "damaged, in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought." (Compl. ¶ 39.)

On June 20, 2017, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. (See Not. of Removal (Dkt. 1 at ECF p.1).) The Notice of Removal states that this court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332. (Id. ¶ 13.) Defendants submit that the parties are diverse and that the amount in controversy exceeds the jurisdictional threshold of $75,000, as evidenced by the fact that Plaintiff made a settlement demand "in excess of $75,000."[2] (Id. ¶¶ 7-11.)

---

[1] Defendant filed multiple documents together as Document 1.
[2] There is no evidence that Plaintiff made her settlement demand in writing.

1

On June 27, 2017, Magistrate Judge Roanne L. Mann issued a <u>sua sponte</u> Report and Recommendation ("R&R"), recommending that the court remand the action to the state court.³ (R. & R. (Dkt. 4).) Judge Mann determined that Defendants' removal was premature and thus procedurally defective. (<u>Id.</u> at 1-2.) Pursuant to 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The 30-day removal clock "does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." <u>Moltner v. Starbucks Coffee Co.</u>, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam). "[A]n oral demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)." <u>Abbas v. Kienzler</u>, No. 10-CV-5100 (RRM) (VVP), 2010 WL 5441663, at *1 (E.D.N.Y. Dec. 23, 2010).⁴ Accordingly, Judge Mann reasoned that because the Complaint does not include an <u>ad damnum</u> clause and Defendants rely exclusively on an oral settlement demand to establish the amount in controversy, "the removal clock never started to run." (R&R at 2.) "[D]efendants' removal is premature, and thus untimely." (<u>Id.</u>) Judge Mann further determined that the court lacks subject matter jurisdiction over the action, as neither the allegations in Plaintiff's Complaint nor the facts alleged in Defendants' Notice of Removal are sufficient to establish that the amount in controversy exceeds the jurisdictional threshold.⁵ (<u>Id.</u> at 3.)

---

³ Plaintiff has not moved to remand the action.
⁴ <u>See also</u> <u>Quintana v. Werner Enters., Inc.</u>, No. 09-CV-7771 (PKC), 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) ("Under section 1446(b), . . . an oral assertion is insufficient to start the 30-day clock for a defendant's removal petition, as the text of the statute refers to a pleading, motion, order, 'or other paper.' The statute does not recognize oral settlement demands as a basis for triggering the 30-day removal window.").
⁵ The fact that Plaintiff alleges that her damages exceed "the jurisdictional limits of all lower courts" (Compl. ¶ 39) does not necessarily mean that the amount in controversy exceeds $75,000, as "the jurisdictional limitation of the

2

Defendant Costco Wholesale Corp. timely objected to the R&R, arguing that the action was properly removed and that the court has diversity jurisdiction. (See Costco Wholesale Objs. to R. & R. (Dkt. 5).) Costco Wholesale Corp. asserts that the amount in controversy exceeds $75,000, as evidenced by (1) Plaintiff's settlement demand; and (2) the fact that Plaintiff refused to cap damages at $74,999. (Id. at 1-2.) It further asserts that Defendants removed the action when they first ascertained that the case was removable, i.e. when Plaintiff informed Defendants that Plaintiff would not cap damages at $74,999. (Id. at 2.) Costco Wholesale Corp. appears to suggest—without any citation to case law—that the parties' discussion about a damages cap meets the requirements of § 1446(b)(3), which requires receipt by the defendant of "a copy of amended pleading, motion, order, or other paper from which it may first be ascertained that the case [is removable]." 28 U.S.C. § 1446(b)(3) (emphasis added).

Because Defendant Costco Wholesale Corp. makes only conclusory and general objections to the R&R, the court reviews the R&R for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if a party "makes only conclusory or general objections . . . the Court reviews the [R&R] only for clear error" (citation omitted)). Finding no clear error, the court OVERRULES Defendant Costco Wholesale Corp.'s objections (Dkt. 5) and ADOPTS the R&R (Dkt. 4) IN FULL.

The action is REMANDED to the Supreme Court of New York, Kings County pursuant to 28 U.S.C. § 1447(c), as removal was premature and Defendants have not met their burden of establishing that the requirements for diversity jurisdiction have been met.[6] See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006) (holding that § 1447(c)

---

lower civil courts of New York is $25,000." (R. & R. at 2-3 (citing Valente v. Garrison From Harrison LLC, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016)).

[6] Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (holding that the party seeking to remove the action has the burden of establishing that the requirements of diversity jurisdiction are met).

3

"authorizes a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction" (citing Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir. 1993) (per curiam)). The Clerk of Court is respectfully DIRECTED to send a certified copy of this Order to the Clerk of Court of Supreme Court of New York, Kings County, 360 Adams Street, Brooklyn, New York 11201, and to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 13, 2017

NICHOLAS G. GARAUFIS
United States District Judge